## UNITED STATES v. FORTY-SIX PACKAGES AND BAGS OF SUGAR.

### (District Court, S. D. Ohio, W. D.)

**1. Food (§ 16\*)—Adulterating and Misbranding—Statutes—Construction —Seized in Transportation.**

Where sugar alleged to have been adulterated and misbranded was not seized while in transportation, it was not subject to forfeiture under the clause of Pure Food and Drugs Act (Act June 30, 1906, c. 3915, 34 Stat. 771 [U. S. Comp. St. Supp. 1909, p. 1193]) § 10, declaring that any article of food adulterated or misbranded, which is being transported from one state, territory, district, or insular possession to another for sale, shall be liable to seizure, condemnation, etc.

[Ed. Note.—For other cases, see Food, Dec. Dig. § 16.\*]

**2. Food (§ 16\*)—Adulteration—Seizure—Statutes—Construction—"Transported."**

Pure Food and Drugs Act (Act June 30, 1906, c. 3915, 34 Stat. 771 [U. S. Comp. St. Supp. 1909, p. 1193]) § 10, provides, in the alternative, that any article of food adulterated or misbranded within the meaning of the act which, having been transported, remains unloaded, unsold, or in original packages, shall be liable to be proceeded against by libel for condemnation. Held, that the words "having been transported" contemplate a transportation in interstate commerce, and not from one point in a given state, territory, district, or insular possession to another point in the same state, territory, district or possession.

[Ed. Note.—For other cases, see Food, Dec. Dig. § 16.\*

For other definitions, see Words and Phrases, vol. 8, pp. 7075–7076.]

**3. Food (§ 16\*)—Adulterated Foods—Condemnation—Libel—Sale.**

Pure Food and Drugs Act (Act June 30, 1906, c. 3915, 34 Stat. 771 [U. S. Comp. St. Supp. 1909, p. 1193]) § 10, provides that any article of food that is adulterated or misbranded within the meaning of the act, and is being transported from one state, territory, district, or insular possession to another "for sale," shall be subject to forfeiture, and that any article of food that is adulterated or misbranded, having been transported and remaining unloaded, unsold, or in the original unbroken packages, shall be liable to be proceeded against in like manner. Held, that a libel for forfeiture of certain bags of sugar under the latter subdivision of such section, failing to charge that the sugar seized had been transported "for sale," was fatally defective.

[Ed. Note.—For other cases, see Food, Dec. Dig. § 16.\*]

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. Food (§ 16*)—Forfeiture—Action to Enforce—Party in Interest—Intervention—Objection—Time.

Where on a libel by the government to enforce a forfeiture of certain sugar, for violation of the pure food and drugs act (Act June 30, 1906, c. 3915, 34 Stat. 768 [U. S. Comp. St. Supp. 1909, p. 1187]), the court permitted the G. Company to interplead or file a brief, and thereafter permitted the withdrawal of the answer and filing of exceptions, to which the district attorney assented, he could not thereafter object to the G. Company's right to interplead and file a brief in the case, unless further evidence was offered that it was a party in interest, or the bona fide owner of the sugar seized.

[Ed. Note.—For other cases, see Food, Dec. Dig. § 16.*]

Action by the United States against Forty-Six Packages and Bags of Sugar. On exceptions and demurrer to the libel. Sustained.

Sherman T. McPherson, for the United States.

Harmon, Colston, Goldsmith & Hoadly and Lannen & Hickey, for defendant.

SATER, District Judge. The libel is filed under section 10 of the pure food and drugs act (Act June 30, 1906, c. 3915, 34 Stat. 771 [U. S. Comp. St. Supp. 1909, p. 1193]). By that section it is enacted that:

"Any article of food, drug, or liquor that is adulterated or misbranded within the meaning of this act, and is being transported from one state, territory, district, or insular possession to another for sale, * * * shall be liable to be proceeded against in any district court of the United States within the territory where the same is found, and seized for confiscation by a process of libel for condemnation."

The case does not fall within that provision of the law because the goods were not seized while in transportation. The section also provides in the alternative that:

"Any article of food, drug, or liquor that is adulterated or misbranded within the meaning of this act * * * having been transported, remains unloaded, unsold, or in original unbroken packages, * * * shall be liable to be proceeded against [in like manner]."

"Having been transported" from where to where? Clearly not from one point in a given state, territory, district, or insular possession to another point in the same state, territory, district, or insular possession, because in that case the article has not passed into interstate commerce. The words, "having been transported," etc., are connected by the disjunctive "or" with the preceding portion of the section. Following the words "having been transported" is an ellipsis, an omission of words necessary to the complete construction of the sentence. Those words are found in the preceding part of the section, and, when supplied, the clause under which this libel is filed reads and means:

"Any article of food, drug, or liquor that is adulterated or misbranded within the meaning of this act, having been transported from one state, territory, district, or insular possession to another for sale, remains unloaded, unsold, or in original unbroken packages, * * * shall be liable," etc.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This construction of the section is not only rational and in accordance with the maxim noscitur a sociis, but is necessary to make the clause applicable to articles which have entered into interstate commerce. The words, "is being transported," and "having been transported," are coupled together by the word "or" and are both limited by the same qualifying terms. The view above expressed is in ·accordance with the ruling in U. S. v. Sixty-Five Casks of Liquid Extracts (D. C.) 170 Fed. 449, affirmed in 175 Fed. 1022, 99 C. C. A. 667. The libel does not show that the articles seized were transported for sale. It does not show whether the articles were shipped by some one in Illinois to himself at Cincinnati, or to some other person, or how or from whom the Gerke Brewing Company obtained possession or acquired ownership, if such it has.

There is an averment in the third paragraph of the libel that the· packages are "owned by or in the possession of the said Gerke Brewing Company, doing business as aforesaid, for the purpose of being used and manufactured, sold and consumed as food." The closing language of the quoted passage, considering the libel as a whole, is somewhat ambiguous, but giving it the construction most favorable to the government—that the brewing company's purpose is to sell it for consumption as food—I do not see how the otherwise defective nature of the libel is helped out.

In view of the conclusion above reached, it is perhaps unnecessary to rule on the contention that there should be a specific averment that the percentage of ash is greater than that found in standard climax sugar, or as to whether or not the court must take notice of the standard fixed by the circular issued by the Secretary of Agriculture. The fact that there is a doubt as to the court's duty in that respect will suggest an averment in future libels that will obviate the objection urged. The exceptions and demurrer are sustained. Exceptions may be noted.

The district attorney disputes the right of the Corn Products Refining Company to interplead or file a brief in the case unless further evidence is offered that it is a party in interest or that it is the bona fide owner of the packages of sugar which have been seized. As Judge Thompson permitted the company to answer, and subsequently another order was granted permitting the answer to be withdrawn and the exceptions and demurrer to be filed, to which latter the district attorney assented, the objection comes too late.

The exceptions and demurrer are ruled on to the extent above named. Several of them were waived by the defendant.